IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANK SABATELLI, *on behalf of himself and all others similarly situated*, | § § § § § | |
| Plaintiff, | | |
| v. | § § | 1:16-CV-596-RP |
| BAYLOR SCOTT & WHITE HEALTH and SCOTT & WHITE CLINIC, | § § § § | |
| Defendants. | § | |

## **ORDER**

Before the Court is the motion for leave to file a counterclaim, (Dkt. 26), filed by Baylor Scott & White Health and Scott & White Clinic ("Defendants"). After reviewing the parties' arguments, the record, and the relevant law, the Court **GRANTS** Defendants' motion for leave to file a counterclaim.

### I. Background

Dr. Frank Sabatelli ("Plaintiff") was hired in February 2012 to join the group of radiologists at the Baylor Scott & White Health ("BSWH") Medical Center in Round Rock, Texas. He began work there in May 2012 and served as an interventional radiologist for just over two years. After being terminated, Plaintiff brought an action in this Court, alleging that his termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

Shortly after Defendants' motion for summary judgment became ripe, but before the Court granted the motion, (Order, Dkt. 53), Defendants filed a motion requesting leave to file a

1

counterclaim. (Dkt. 26). Defendants' proposed counterclaim would seek a declaration that arbitration is unavailable to Plaintiff because Plaintiff has waived his right to arbitration by substantially invoking the judicial process and that the arbitration would violate the rule against claim splitting.

## II. Leave to File Counterclaim

In general, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). Leave to amend a pleading should generally be granted in the absence of "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). Plaintiff would have the Court deny the motion for leave to file a counterclaim on the grounds that permitting the counterclaim to move forward would be futile.

"Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate*, 822 F.3d at 211. "[A] district court need not grant a futile leave to amend." *Id.* Defendants' counterclaim puts forth two grounds for granting the relief Defendants seek: (1) Plaintiff has waived his right to arbitration by substantially invoking the judicial process in a manner that prejudices Defendants, (Defs.' Proposed Counterclaim, Dkt. 26-2, at 4–8); and (2) arbitration concerning the circumstances under which Plaintiff was terminated would violate the rule against claim splitting, (*id.* at 8–10). Plaintiff contends that Defendants' proposed counterclaim would be futile because (1) it cannot meet the high bar needed to show waiver of the right to arbitration, (Pl.'s Resp., Dkt. 50, at 2–5); and (2) the

2

rule against claim splitting does not apply in this case as a result of the Federal Arbitration Act, (*id.* at 5–6)).

The question of whether Plaintiff has waived his right to arbitrate is one of federal substantive law. *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 n.4 (5th Cir. 1986) (dismissing a party's asserted definition of waiver rooted in state law because "[t]he issue of arbitrability under the United States Arbitration Act is a matter of federal substantive law") (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402–08 (1967)). Plaintiff correctly notes that there is "a strong presumption against waiver of arbitration." *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999). However, Defendants have made a case for waiver of Plaintiff's right to arbitration that may survive a motion to dismiss. As Defendants note, "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing*, 781 F.2d at 497. "Substantially invoking the litigation machinery qualifies as the kind of prejudice . . . that is the essence of waiver." *E.C. Ernst, Inc. v. Manhattan Const. Co. of Tex.*, 559 F.2d 268, 269 (5th Cir. 1977).

To show the prejudice component of waiver, "three factors are particularly relevant." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004). Those factors are: "(1) whether discovery occurred relating to arbitrable claims, (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate." *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009). Defendants contend that all three are present here. Because the waiver theory is sufficient to establish a plausible counterclaim, the Court need not address the claim-splitting argument at this time.

3

In sum, Defendants have put forth sufficient support for their proposed counterclaim to avoid a finding that it is futile. The counterclaim may or may not ultimately survive a motion to dismiss, but based on the briefing before the Court, it has not been established conclusively that the counterclaim has no chance of success.

### III. Conclusion

For the foregoing reasons, the Defendant's motion for leave to file a counterclaim, (Dkt. 26), is **GRANTED**. The parties are **ORDERED** to file a joint proposed scheduling order regarding the counterclaim by **February 16, 2018**. The parties should consult the website for the U.S. District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," "Austin Division," and click the link beneath "U.S. District Judge Pitman" labeled "Proposed Scheduling Order."

**SIGNED** on February 6, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE